Robert M. WIEMAN, Nancy Kent Ziebur, Werner C. Baum, Samuel Hunt Lee, Jr., Malcolm Correll and Luella Nietz, Plaintiffs in Error,

v.

Paul W. UPDEGRAFF, The Board of Regents of the Oklahoma Agricultural Colleges, A. S. J. Shaw, State Treasurer of The State of Oklahoma, and Wilburn C. Cartwright, State Auditor of the State of Oklahoma, Defendants in Error.

No. 36240.

Supreme Court of Oklahoma.

Oct. 2, 1956.

Don Emery, Robert J. Emery, Oklahoma City, for plaintiffs in error.

Paul W. Updegraff, Norman, for defendants in error.

### PER CURIAM.

This is an action brought by the plaintiff, Paul W. Updegraff, a taxpayer, to enjoin the defendants, Board of Regents of the Agricultural Colleges, the State Treasurer, and the State Auditor, from paying public funds to teachers, in the Agricultural and Mechanical College at Stillwater, who had not subscribed to and filed the loyalty oath prescribed in 51 O.S.1951 §§ 37.1 to 37.8 inc. Robert M. Wieman, Nancy Kent Ziebur, Werner C. Baum, Samuel Hunt Lee, Jr., Malcolm Correll, and Luella Nietz, the teachers affected, were permitted to intervene. The judgment of the trial court, granting the injunction, was affirmed by this court on appeal. Board of Regents of Oklahoma Agricultural Colleges v. Updegraff, 205 Okl. 301, 237 P.2d 131.

The Supreme Court of the United States heard the matter on appeal, reversing the judgment of this court. Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216, and issuing its order and mandate of reversal and remand for proceedings not inconsistent with said opinion. Whereupon, this court, in conformity thereto, issued its mandate of reversal and remand to the trial court. Subsequently and on July 7, 1953, after ordering the mandate spread of record, the trial court made and entered its order and judgment resetting said cause for hearing on August 7, 1953 and further ordering that said intervenors be permitted to file, within said time, oaths from which had been deleted, the matter found by the Supreme Court of the United States to be objectional. On the latter date, judgment was rendered for the one intervenor who had complied with the former order. As to the others judgment was

rendered for plaintiff. From that order, said intervenors have perfected this appeal.

 Upon the first appeal, this court expressed its opinion and cited the authority upon which said opinion was founded. The subsequent opinion and mandate of the Supreme Court of the United States has stripped this court of any discretion in the matter. Lowe v. Dickson, 127 Okl. 127, 260 P. 25. Therefore, by direction of said mandate, it is the order of this court that said judgment be reversed and the cause remanded with directions to enter judgment denying plaintiff the relief sought and taxing the costs against him.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.